```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


RON HART AND JUDY VEZEAU, on        )
behalf of themselves and all        )    CIV. S-04-2466 GEB DAD
others similarly situated and on    )
behalf of the general public,       )
                                    )
                 Plaintiffs,        )    ORDER
                                    )
        v.                          )
                                    )
K MART MANAGEMENT CORPORATION;      )
K MART HOLDING CORPORATION,         )
                                    )
                 Defendants.        )
_____)
```

On April 20, 2005, Defendants filed an application for an order shortening time which would accelerate the hearing date on their unopposed ex parte request for an order to modify certain dates in the Status (Pretrial Scheduling) Order, filed February 17, 2005 ("Status Order"). Defendants request their motion to modify the Status Order be heard on May 2, 2005.

Defendants argue in a conclusory manner that "in light of the June 1, 2005, mediation . . . and given the deadlines by which the parties must act in order to comply with the Scheduling Order, for planning purposes, it will be immeasurably helpful for all the parties

to know at the earliest opportunity whether the Court will grant the Motion seeking the extension of time." (Unopposed Application of Def. KMart Corp. for an Order Shortening Time to Hear the Unopposed Mot. of KMart Corp. to Modify Certain Dates in the Status (Pretrial Scheduling) Order at 2-3.)

The request for an accelerated hearing date is denied.[1]

IT IS SO ORDERED.

Dated:  April 27, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] This is the third ex parte application I have received within the last seven days.

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. . . . Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court . . . [by] demand[ing] priority consideration. . . . In effect, they put the applicant "ahead of the pack," [often] without cause or justification.

In re Intermagnetics America, Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989).