IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RON HART AND JUDY VEZEAU, on behalf of themselves and all others similarly situated and on behalf of the general public, | ) ) ) ) ) | 2:04-cv-2466-GEB-DAD |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| K MART CORPORATION,[1] | ) ) | |
| Defendants. | ) ) | |

This action was removed from Sacramento County Superior Court on November 18, 2004, on purported federal question grounds. Defendant asserted that removal was proper based on the doctrine of complete preemption pursuant to the Employee Retirement Income Security Act ("ERISA"), and because the subject matter of the

---

[1] The caption has been changed since the Joint Status Report filed February 14, 2005 ("JSR"), indicates that Kmart Corporation is the only remaining defendant in this action. The JSR states that Defendants Kmart Management Corporation and Kmart Holding Corporation were dismissed from the action, and Kmart Corporation was named in an amended complaint as the first Doe defendant. All other Doe defendants were dismissed pursuant to the Status (Pretrial Scheduling) Order filed February 17, 2005.

complaint concerned claims arising under or in bankruptcy and concerned the administration of the estate and rights created by the United States Bankruptcy Code.

After nearly ten months in federal court, on September 6, 2005, the parties filed a "Joint Stipulation of Named Plaintiffs on Behalf of Themselves and All Others Similarly Situated and Defendant Kmart Corporation to Remand" ("Joint Stipulation") and a "Proposed Order Remanding Case to State Court" ("Proposed Order").  In the Proposed Order, the parties state that "good cause appear[s]" and, therefore, the action should be remanded to state court. (Proposed Order 2.)  In Joint Stipulation the parties assert that they "have concluded that this Court would not have jurisdiction based on a right to remove core proceedings in bankruptcy" and that they "do not believe that it would be productive or further the interests of justice to litigate [the ERISA] issue at this time in view of their commitment to reaching an amicable resolution of this action."  (Joint Stip. ¶¶ 6, 8.)  The parties contend that since they "do not want to incur the risk that any settlement that may be reached in this matter . . . might be subject to challenge [because] the Court . . . lacked subject matter jurisdiction over the settlement[,] the Parties believe that the most prudent course would be to remand the action . . . ."  (Id. ¶ 8.)

While the parties contend that remanding this action would be "prudent," they assert no legal basis for doing so.  Title 28 of the United States Code, section 1447(c) provides that an action may be remanded for lack of subject matter jurisdiction or "any defect other than lack of subject matter jurisdiction."  28 U.S.C. § 1447(c).  The thirty-day time limit for remanding for other defects has passed, so

1  any remand must be for lack of subject matter jurisdiction.  Id.  But
2  the Joint Stipulation does not seek remand on this basis.  Instead,
3  the parties assert that "the ERISA preemption issue (and concomitantly
4  the jurisdiction issue) will be very hard fought . . . ." and for that
5  reason they "do not believe that it would be productive or further the
6  interests of justice to litigate the issue at this time . . . ."
7  (Joint Stip. ¶ 8.)  This assertion is insufficient to support a
8  finding that the federal court lacks federal question subject matter
9  jurisdiction.  Therefore, the parties' stipulation to remand this
10 action is rejected.

11        IT IS SO ORDERED.
12 Dated:  September 20, 2005

13                         /s/ Garland E. Burrell, Jr.
                           GARLAND E. BURRELL, JR.
14                         United States District Judge